ORDER DENYING APPEAL
GARY P. SULLIVAN, Chief Justice.
A timely NOTICE OF APPEAL was filed June 24, 2003 by Michelle Porras, pro per, following a sentencing hearing on June 24, 2003, the Honorable Marvin Youpee, presiding. On June 17, 2003, a jury found defendant guilty of Negligent Homicide (Title VII CCOJ 2000 § 203), Driving a motor vehicle while under the influence of intoxicating liquor or drugs (Title XVII CCOJ 2000 § 107), Driving without a license (Title XVII CCOJ 2000 § 101), Failure to use safety belt as required (Title XVII CCOJ § 131), and Violation of Financial Responsibility Law (Title XVII CCOJ 2000 § 132). Defendant does not appeal from the verdict, but rather the appeal is taken from the sentencing hearing based upon the fact that her attorney was not present.
Defendant bases her appeal on 1) she has three young children at home to care for and feels that probation or house arrest would be a more appropriate sentence; and 2) because her Attorney was not present she believes that she was deprived of her right to counsel. She requests that this Court stay her sentence and order a new and different sentencing hearing.
*307 A thorough review of the transcript from the sentencing hearing and the Court file reveals that defendant’s attorney failed to appear at the hearing after being duly served with notice and that defendant did not object to her attorney’s absence. Failure to make a timely objection operates as a waiver and bars defendant from raising such objection on appeal. (Clark v. Richter, FPCOA # 300, 2 Am. Tribal Law 179 (2000)) Nor did defendant offer any mitigating circumstances for the Court to consider. Indeed, defendant was silent during the brief hearing.
Defendant’s, attorney filed a Motion and Amended Motion on June 25 and June 26 requesting that the sentence be vacated and a new sentencing hearing scheduled or alternatively, stay the sentence pending this appeal. The Tribal Court denied both alternatives.
Defendant’s attorney fails to state the reason for her absence at the sentencing hearing, suggesting only that her absence was not the fault of the defendant and therefore such failure ought not to be visited upon the defendant.
The Tribal Court acted well within its limits and discretion in pronouncing sentence and we find nothing improper which would warrant further review. In view of the entire reeord and careful consideration being given to defendant’s alleged mitigating circumstances, this Court finds no legal basis upon which to order a new sentencing hearing, therefore the appeal is denied.
IT IS NOW THEREFOR THE ORDER OF THIS COURT:
The sentence imposed is affirmed. All Tribal Court orders heretofore stayed or not acted upon because of, or pursuant to, the pendency of this Appeal, are herewith restored and shall be given full force and effect without further delay.